COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-08-310-CR

 

 

TOMMY JOSEPH CHATMAN                                                 APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------








Appellant Tommy Joseph
Chatman pleaded guilty to two counts of possession with intent to deliver a
controlled substance of four grams or more but less than 200 grams.  Pursuant to a plea bargain agreement, Chatman
was sentenced to ten years= confinement for one count and eight years= confinement for the other count. 
The trial court entered its certification of Chatman=s right to appeal in accordance with rule 25.2(a)(2).  See Tex. R. App. P. 25.2(a)(2).  The certification states that this Ais a plea-bargain case, and the defendant has NO right of appeal.@

On August 27, 2008, Chatman
filed a notice of appeal.  On September
3, 2008, we notified Chatman=s counsel that the certification indicating his client had no right to
appeal had been filed in this court and that this appeal would be dismissed
unless Chatman or any party desiring to continue the appeal filed a response
showing grounds for continuing the appeal. 
See Tex. R. App. P. 25.2(d). 
Chatman responded with a copy of a AMotion of Appeal@ and stated
that he was told he could Aappeal under Attorney Ineffective.@

Rule 25.2(a)(2) limits the
right to appeal in a plea bargain case to those matters that were raised by
written motion filed and ruled on before trial or after getting the trial court=s permission to appeal.  Tex. R.
App. P. 25.2(a)(2)(A), (B).  Chatman does
not contend that he did either of these things. 
Accordingly, we dismiss this appeal. 
See Tex. R. App. P. 25.2(d), 43.2(f).

PER CURIAM

PANEL: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: 
October 2, 2008 











[1]See Tex.
R. App. P. 47.4.